RECEIVED
IN LAKE CHARLES, LA
AUG 3 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| AMERICAN HOME ASSURANCE COMPANY | : | DOCKET NO. 06-579 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| DR. DALE BERNAUER AND DR. LYNN E. FORET | : | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court is a "Motion to Abstain and Dismiss or in the Alternative, to Abstain and Stay this Case" (doc. #11) filed by defendants, Dr. Dale Bernauer and Dr. Lynn E. Foret, wherein the movers seek to have this Court abstain and dismiss the claims in this proceeding or, alternatively, to abstain and stay the claims in this suit pending the resolution of previously filed claims affecting the same parties herein. Plaintiff, American Home Assurance Company ("AHA") opposes the motion.

## FACTUAL STATEMENT

The following facts are alleged in the original "Complaint for Declaratory Judgment and Breach of Contract": Defendants are medical providers in Louisiana who entered into preferred provider agreements with First Health in which the medical providers contractually agreed to render medical services at certain discounted rated to insureds of payors who contracted with First Health. The medical services to be provided at the negotiated rates include medical services arising from workers' compensation claims.

Pursuant to a separate contract between First Health and AHA ("Payor Contract"), AHA accesses the First Health preferred provider network, which consists of medical providers, including defendants named herein. The medical providers have separately contracted with First Health to accept certain negotiated rates for the treatment of workers' compensation patients. First Health agreed to

make available to AHA these medical providers at the negotiated rates agreed to by its provider members.

Since joining the First Health PPO network, defendants have treated numerous employees of AHA's insureds who have suffered job-related injuries and whose claims are covered under a workers' compensation policy issued by AHA. AHA paid the medical providers in accordance with the parties' contracts. The medical providers claim that the Payor Contracts and Provider Agreements are illegal and unenforceable, and further assert that they are entitled to payment for medical services provided to workers' compensation claimants at rates higher than that which is set forth in the Provider Agreements. The medical providers have filed suit in state court to recover statutory penalties, and they have filed suit in the Louisiana Office of Workers' Compensation seeking additional money for services performed, together with penalties and attorneys' fees.

AHA seeks a declaratory judgment declaring the Provider Agreements valid and enforceable and that the medical providers have breached their Provider Agreements, to which AHA is a third party beneficiary, entitling AHA to damages and other appropriate relief.

## LAW AND ANALYSIS

Defendants seek to have this Court abstain and dismiss, or, alternatively, abstain and stay the instant suit. Defendants argue that the parties herein are trying to avoid any progress in a Louisiana state court entitled *Clark A. Gunderson, M.D. (A Medical Corp.), et al v. F.A. Richard & Associates, Inc., et al*, Docket No. 2004-2417, 14th JDC, Calcasieu Parish, Louisiana. Defendants also urge this Court to dismiss the suit because all of the issues raised in the instant suit are addressed in *Shamieh v. American Interstate Ins. Co.*,[1] which is currently pending on the docket of this Court[2]. Finally,

---

[1] 2006-CV-0242.

[2] Currently there is a pending remand motion before this Court in the *Shamieh* litigation.

2

Defendants assert that the same issues in the instant suit were decided by this Court in *Liberty Mutual Insurance Company v. Gunderson, et al*, Civil Action No. 04-cv-2405, a case currently on appeal to the Fifth Circuit Court of Appeal.

The Fifth Circuit defines parallel actions as those involving the same parties and the same issues.[3] AHA argues that the parties in the instant suit are not the same as the parties in the *Gunderson* or *Shamieh* litigation and furthermore, the issues are different. The parties in this suit do not parallel the parties in the *Gunderson* or the *Shamieh* litigation. While the Court is not inclined to abstain and dismiss the instant suit because it does not parallel the state court action, we are inclined to stay the suit pending a ruling from the Fifth Circuit in *Liberty Mutual, supra*.

## CONCLUSION

For the reasons set forth above, the motion to abstain and dismiss will be denied, and the motion to stay the case will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of August, 2006.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[3] See, e.g., *American Guarantee & Liability Ins. Co. v. ANCO Insulations, Inc.*, 408 F.3d 248 (5th Cir. 2005); *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531 (5th Cir. 2002); *Republicbank Dallas National Association v. McIntosh*, 828 F.2d 1120 (5th Cir. 1987); *Hartford Acc. & Indem. v. Costa Lines Cargo Serv.*, 903 F.2d 352 (5th Cir. 1990); *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973); *Doerle's Quarterboats, Inc. v. Been Weeks, Co.*, 1995 WL 747470 (E.D. La. ).

3