RECEIVED

APR - 2 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY | ) ) ) | CV06-0579 |
| Plaintiff, | ) ) ) | Judge Trimble |
| v. | ) ) | |
| DR. R. DALE BERNAUER, DR. LYNN E. FORET. | ) ) ) | Magistrate Judge Methvin |
| Defendants. | ) ) | |

## STIPULATED CONFIDENTIALITY ORDER

WHEREAS the undersigned parties desire to enter into a confidentiality agreement to formulate a procedure that will both facilitate the discovery contemplated in this action and maintain the confidentiality of information produced in discovery (including answers to interrogatories and document requests and depositions) that contains trade secrets, confidential research, or confidential commercial information; and

WHEREAS the parties, through their undersigned counsel, have consented to entry of this Order, and good cause having been shown;

Pursuant to the Federal Rules of Civil Procedure, the Court enters the following Confidentiality Order ("Order") limiting the disclosure and use of discovered information as hereinafter provided,

IT IS HEREBY ORDERED THAT:

## Confidential Designations

1.      When a person ("Producing Party") provides to a party to this action ("Receiving Party") material that the Producing Party believes contains confidential trade secret or other confidential research, development, or commercial information, the Producing Party may designate the materials as "Confidential" and furnish them to the Receiving Party pursuant to the terms of this Order.  Documents or information may be designated Confidential in the following ways:

a.      Documents gathered and produced in response to discovery in this litigation shall be designated as Confidential by marking them with the legend "Confidential -- Subject to Confidentiality Order" on each page of such documents.

b.      In the case of interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated Confidential.  The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admissions containing Confidential information:   "Contains Confidential Information -- Subject To Confidentiality Order; Designated Parts May Not Be Used, Copied, Or Disclosed Except As Authorized by Court Order."

c.      To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes)

("Computerized Materials") is produced by any party in such form, the producing party may designate such matter as Confidential by cover letter identifying generally such matter.   Whenever any party to whom Computerized Material designated as Confidential is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the legend provided for in paragraph 1.a. above.

2.      If a Producing Party inadvertently fails to designate a document or information as Confidential at the time of production, that person or party shall have twenty-one days after such production to so designate the document or other information.

### Objections To Confidentiality

3.      A party may object to the designation of material as Confidential by notifying counsel for the Producing Party in writing of the objection and the reasons for the objection. The Producing Party shall, within fifteen days after receiving such notice, respond in writing to the objection.  If the Producing Party fails to respond timely in writing, then the documents and information identified in the objection shall be treated as non-Confidential until such time as the Producing Party may seek and obtain a Court order redesignating this material as Confidential. If the Producing Party timely responds in writing and a dispute arises as to the propriety of a Confidentiality designation, counsel shall meet and confer in a good faith effort to resolve the dispute.   If the dispute cannot be resolved, the party objecting to the designation may move the Court for an order that the material should not be designated as Confidential. All such material shall continue to be treated as Confidential until such time as the Court rules that such material should not be treated as Confidential, and the applicable period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed with the Court. The burden of proof with regard to any such dispute over a

Confidentiality designation shall be imposed as dictated by the Federal Rules of Civil Procedure and the case law thereunder.

4.    A party shall not be obligated to challenge the propriety of a Confidential designation at the time such designation is made, and failure to do so shall not prejudice a subsequent challenge to the Confidential designation.

### Restrictions On Use

5.    All documents and other material produced in discovery and designated as Confidential may be used by a Receiving Party only in connection with conducting this litigation.

6.    Materials designated as Confidential by the Producing Party may be provided or shown by the Receiving Party only to:

a.    Outside counsel for each party (including members or associates of such counsel's firm), and paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

b.    Outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

c.    Subject to paragraph 15, independent experts or consultants whom outside counsel have retained, or are seeking to retain, to provide counsel, advice, or consultation in connection with the preparation and trial of this action, provided that such expert may not be a present officer, director, or employee of a party or the parent, subsidiary, or affiliate of a party;

d.    Persons identified in a Confidential document as having authored or received such document, or current employees of the Producing Party who have or had

access to the Confidential documents as part of his or her work responsibilities, may have those specific documents disclosed to them, but such persons shall be orally advised at the time of the disclosure that the documents are subject to a Confidentiality Order entered by the Court;

e.      Deponents, trial or hearing witnesses and their counsel to the extent allowed below in paragraphs 10 and 14.

f.      Any person (including deponents or witnesses) for whom the Producing Party has agreed to such disclosure pursuant to paragraph 14 below.

g.      Court reporters and their staffs;

h.      This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel whose duties require access to the material, jurors, and alternate jurors; and

i.      Any person that the Court designates in the interest of justice, upon terms that the Court deems proper.

7.      To the extent any party or counsel for any party creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes any information, files, databases or programs that contain information designated Confidential, that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to the Confidential information.

8.      Nothing in this Order shall be construed to preclude any Producing Party from disclosing or using, in any manner or for any purpose in this litigation, the Producing Party's own information or documents that the Producing Party has designated as Confidential.

9.     Nothing in this Order shall be construed to bar outside counsel, in advising a party in connection with this litigation, from conveying a general evaluation of information produced or exchanged; provided, however, that such counsel shall not disclose any specific information.

## Use In Depositions

10.     A deponent may be shown and examined about Confidential material if (i) the deponent produced, received, or otherwise has knowledge of the material; (ii) if the deponent is a current or former employee, officer, or director of the Producing Party; or (iii) if the material has been authorized to be disclosed pursuant to paragraph 14.  Such deponents shall not be allowed to exercise control over, or otherwise retain, such Confidential material.

11.     Portions of deposition transcripts shall be designated Confidential during the deposition, or within fifteen days after the requesting party's receipt of the transcript.  Prior to expiration of this fifteen-day period, the entire transcript shall be treated as Confidential.  After expiration of the fifteen-day period, the transcript of the designated testimony shall be bound in a separate volume and appropriately marked.  If a deposition transcript or exhibit contains Confidential material which cannot conveniently be segregated, a party may request that the entire transcript or exhibit be treated as Confidential.

## Use In Court Filings

12.     If a party files with the Court material containing Confidential material, the filing party shall file the material in a sealed envelope, with a cover sheet stating:

> Confidential - This document is subject to a CONFIDENTIALITY ORDER issued by the Court and may not be examined or copied except in compliance with that Order.

- 6 -

## Use At Hearing Or Trial

13.    Unless otherwise directed by the Court, a party may, subject to the rules of evidence and further orders of the Court, use any Confidential material for any purpose at trial or at any hearing before a judicial officer in this litigation.   Witnesses being shown such Confidential material shall not be allowed to exercise control over, or otherwise retain, such Confidential material.

## Request Otherwise to Disclose Confidential Material

14.    If counsel desires to disclose Confidential material other than as provided above, counsel shall provide written notice to counsel for the Producing Party of its desire to make such disclosure, identifying the material to be disclosed and the name, address, and title of the person or persons to whom disclosure is desired to be made.  If the Producing Party does not consent in writing to the disclosure within five working days after receiving such notice, no disclosure shall be made except by order of the Court.  Before seeking such Court order, counsel shall meet and confer in a good faith effort to resolve the dispute.  If the Producing Party consents in writing to the disclosure, or if the Court orders the disclosure, the material may be disclosed in accordance with paragraph 15.

## Undertaking To Be Bound By Confidentiality Order

15.    Before material is disclosed to a person described above in subparagraph 6(c) or paragraph 14, that person shall read a copy of this Order and evidence agreement to be bound by it by signing an Undertaking to be Bound, in the form attached in Exhibit A.  Counsel desiring to make the disclosure shall retain a copy of this Order and the signed Undertaking for six months after the termination of this action.  Such agreements shall not be subject to discovery except upon agreement of the parties or further order of the Court.

- 7 -

## Preservation Of Rights And Privileges

16.     Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents, or questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential information, or of any right which any party may have to assert such privilege at any stage of this litigation.

## Return Of Confidential Material

17.     Within sixty days after termination of this action, including all appeals, counsel shall return or destroy any material designated as Confidential by opposing party, including copies, notes, and any other medium containing the material, except that counsel may (a) destroy Confidential material stored electronically, and (b) retain work product memoranda, pleadings, or other materials that include Confidential material, provided that the material remains appropriately designated.

18.     The terms of this Order shall survive and remain in full force and effect after the termination of this action.

19.     The recipient of any Confidential material that is provided under this Order agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating the performance under, compliance with, or violation of this Order.

20.     A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

21.    This Order is entered into without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order.

22.    The parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved to the Court.

23.    The parties may reach an agreement to modify the times and dates set forth in this Order without the consent of the Court.

24.    The parties may execute this Confidential Agreement in separate counterparts by facsimile, all of which taken together shall constitute the Agreement.

_____
JUDGE

MILDRED E. METHVIN
United States Magistrate Judge

- 9 -

## EXHIBIT A

### Undertaking to be Bound by Confidentiality Order

I hereby acknowledge that I have received a copy of the Confidentiality Order entered in American Home Assurance Company v. Dr. R. Dale Bernauer, et al., United States District Court, Western District of Louisiana, Lake Charles Division, Civil Action No. CV06-0579, I have read it and understand the terms, conditions, and restrictions imposed by it on one who is given access to confidential material and information pursuant to the order, and I agree to be bound by them.

In accordance with paragraph 15 of the Order, I will return all confidential material and information I receive to counsel who provided them to me.  I acknowledge that the return or subsequent destruction of such documents, material, and information shall not relieve me from any of the obligations imposed on me by that Order.

I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with the Order.


Dated: _____        _____

                                               Name


                                               _____

                                               Occupation

Business Address and Telephone:


_____
_____
_____
_____
_____