U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 9 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY | : | DOCKET NO. 06-579 |
| VS. | : | JUDGE TRIMBLE |
| DR. R. DALE BERNAUER, DR. LYNN FORET | : | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Before the Court is "Defendants' Motion to Dismiss for Failure to Join Indispensable Parties" (doc. #51) wherein the mover seeks to have this matter dismissed because American Home Assurance Company ("AHAC") failed to join the employer which Defendant alleges is an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### FACTUAL STATEMENT

The facts of this case were stated in this Court's Memorandum Ruling dated August 31, 2006[1] and will not be restated herein.

### LAW AND ANALYSIS

Defendants complain that AHAC has failed to add indispensable parties to this action, and as a result, complete relief cannot be accorded to the parties present. Defendants argue that because employers and AHAC are solidarily liable for any workers' compensation underpayments, any judgment by this court as to liability of the parties present would be incomplete. Rule 19 of the Federal Rules of Civil procedure provides the following:

---

[1] See document #18.

**Joinder of persons Needed for Just Adjudication**

**(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantia risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  If the person has not been so joined, the court shall order that the person be made a party.  If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.  If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Defendants cite two cases that hold that employers/insureds and their insurers are solidarily liable for workers' compensation benefits.[2]  AHAC cites a United States Supreme Court case[3] that it alleges held that parties who are solidarily liable to one another under Louisiana law are merely permissive parties and are not as a matter of law, indispensable parties under Rule 19. Defendants then argue that in *Temple,* the parties were jointly liable rather than solidarily liable, thus the case does not address whether solidarily (rather than joint) obligors are indispensable parties under Rule 19.

In *Provident Tradesmen Bank & Trust Co. v. Patterson,*[4] the Supreme Court held that where an automobile owner's interest in claims against his insurer was affected by an action, but it was not

---

[2] *Prevost v. Jobbers Oil Transport Co.,* 713 So.2d 1208, 1212 (La.App. 1 Cir. 1998); *Custer v. New Orleans Paper Box Factory,* 170 So. 388 (La.App. 1936).

[3] *Temple v. Synthes Corp.* 498 U.S. 5,7 (1990).

[4] 390 U.S. 102, 88 S.Ct. 733 (1968).

feasible to join him as a defendant because such joinder would have eliminated diversity jurisdiction, he did not have an absolute, substantive right, unaffected by federal rules, to be joined and thus was not an 'indispensable party' whose nonjoinder required dismissal of action. Furthermore, the Advisory Committee Notes to Rule 19(a) explicitly states that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."[5] "The civilian concept of *in solido*[6] liability in tort is synonymous with the common law phrase 'joint and several' liability."[7] Accordingly, the Court concludes that the employer is not an indispensable party to this action.

## CONCLUSION

Based on the foregoing, the motion to dismiss filed by defendants, Dr. R. Dale Bernauer and Dr. Lynn E. Foret will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of June, 2007.

```
                                         JAMES T. TRIMBLE, JR.
                                         UNITED STATES DISTRICT JUDGE
```

---

[5] See 3 Moores's *Federal* Practice 2153 (2d ed. 1963); See also *Temple,* 498 U.S. at 7.

[6] The terms "solidary obligors" and "*in solido* obligors" are synonymous under Louisiana Law. La.Civ. Code art. 1790 (comment b).

[7] *Johnson v. Jones-Journet,* 320 So.2d 533, 536 (La. 1975).